OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Grover Sellers
Attorney General

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. O-6631
Re: Upon receipt of an adoption
decree, should the State Reg-
istrar file a certificate in
which there is no statement
of the adoption as required
in Rule 47a, or should the
State Registrar permit an
amendment to be attached to
the original certificate as
provided for in Rule 51a?

We acknowledge receipt of your request for an opin-
ion on the above questions, said request being as follows:

"I am asking your advice as to the adminis-
tration of the Bureau of Vital Statistics as pro-
vided for in Rules 47a and 51a, Art. 4477, R.C.S.
and Art. 781a, Penal Code.

"When the adoption decree is filed with the
State Bureau, Rule 47a requires the State Regis-
trar to remove from the file a birth certificate
which has been accepted by the Local Registrar as
a statement of facts surrounding the birth of the
child at the time the birth occurred. The State
Registrar is further required to write and file a
birth certificate for the same child showing the
parents by adoption as the natural parents of the
child with no statement of the adoption on that
record. The certificate filed by the State Reg-
istrar under the requirements of Rule 47a, is a
false record in that, contrary to the adoption de-
cree, the sworn statement of the natural mother,
and the sworn statement of the parents by adoption,

the certificate shows the adopting parents as the natural parents of the child.

"Rule 51a prescribes the legal manner of altering or changing a certificate by the attachment of an amendment duly dated, signed, and witnessed. The certificate required by Rule 47a is not an amendment as provided for in Rule 51a. It is a change in the original certificate and is a false record filed in violation of Art. 781a, Penal Code.

"The violation of Rule 51a is not considered lightly by the Legislature for in Art. 781a, Penal Code we find that any person who 'shall wilfully alter, otherwise than is provided by Section 18 of this Act, or shall falsify any certificate of birth or death, or any record established by this Act;' 'shall be deemed guilty of a misdemeanor,' and may be fined as prescribed in that article.

"Please advise me if upon receipt of an adoption decree, should the State Registrar file a certificate in which there is no statement of the adoption as required in Rule 47a, or should the State Registrar permit an amendment to be attached to the original certificate as provided for in Rule 51a?"

Article 4477, Rule 47a, Sub-division (26), Vernon's Annotated Civil Statutes, is in part as follows:

"(26) Provided further, upon entry of final order of adoption the Judge or Clerk of the Court shall notify the Registrar of Vital Statistics in State Department of Health of action taken, giving the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and name of such child before and after adoption and the name and address of foster parents. Said Registrar of Vital Statistics shall likewise be notified of any subsequent revocation of such order of adoption or any annulment of adoption. Copies of all reports of adoptions and reports of revocation of order of adoption and of annulments shall within thirty (30) days after such order be mailed to the Registrar of Vital Statistics of the State Department of Health. Upon receipt of copy

of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent. He shall then cause to be sealed and filed the original certificate of birth, if any, with the adoption decree of the Court and such sealed package may be opened only upon order of Court of record. Upon receipt of copy of annulment of adoption, said Registrar of Vital Statistics shall restore the original name of the child and the names of his natural parents or parent to the record of birth of such child. Provided further that adoption made under existing law prior to the passage of this Act, may be registered with the Bureau of Vital Statistics upon sworn application of either adoptive parent or guardian of the adopted child, show the names and addresses of the natural parents, if known, or of the child's next kin, the date of birth and the name of such child before and after adoption, the names and addresses of foster parents, together with proof of adoption, either by certified copy of the record of the affidavit of adoption, or the Court order of adoption.

"Upon the adoption of said child, the State Registrar shall notify the local registrar of that adoption, and shall forward to the local registrar a copy of the birth certificate showing the names of the parents by adoption, provided that no statement of the adoption shall appear on that record. The local registrar shall return to the State Registrar, or shall cancel the certificate of the natural birth of said child, and shall substitute in its place a certificate forwarded him by the State Registrar.

"And provided further that the State Registrar, upon the written request signed by the parent, or parents, of the adopted child, may retain the certificate of the natural birth in the file and may attach a certificate showing the names of the parent, or parents, by adoption to the original certificate as an amendment. The State Registrar shall furnish the local registrar with a copy of the said birth certificate to be attached to the original birth certificate."

Honorable George W. Cox, page 4

Our construction of the above provision is that, upon receipt of the copy of any final order of adoption of any child, the State Registrar of Vital Statistics must make a record of the birth of said child in the new name or names of the adopting parent or parents. He must then cause to be sealed and filed the original certificate of birth, if any, with the adoption decree of the Court, and this sealed package must be kept by him and cannot be opened except upon the order of a proper Court. In the event that the final order of adoption is annulled, upon receipt of said order of annulment said Registrar of Vital Statistics shall restore the original name of the child and the names or name of his natural parents or parent to the original record of birth of such child.

The State Registrar shall also notify the local registrar of said adoption and forward to him a copy of the birth certificate showing the names of the parents by adoption, and no statement of the adoption shall appear on that record. The local registrar shall then return to the State Registrar the certificate of the natural birth of said child, or such certificate shall be canceled by the local registrar and he shall substitute in its place a certificate forwarded to him by the State Registrar.

Provision is also made in said Rule by which the State Registrar, upon the written request signed by the parents or parent (natural parent or parents) of the adopted child, may retain the certificate of the natural birth in the file and attach a certificate showing the name or names of the parent or parents by adoption to the original certificate as an amendment. In this event, the State Registrar shall furnish the local registrar with a copy of said birth certificate showing the name or names of the parent or parents by adoption to be attached to the original birth certificate.

Article 4477, Rule 51a, of said statutes, provides in part, "That no certificate of birth or death, after its acceptance for registration by the local registrar, and no other record made in pursuance of this Act shall be altered or changed in any respect otherwise than by the amendments properly dated, signed, and witnessed," but, in our opinion, this provision has nothing to do with the birth certificate of an adopted child and applies only where some mistake has been made in preparing the original certificate of birth and where it is desired to make correction thereof by causing it to speak the actual truth. This may be done under this pro-

vision by stating such facts in an amendment which is dated, signed and witnessed as is required for an original birth certificate. Where Sub-division 26 of Rule 47a is followed, the original birth certificate is not altered or changed in any respect, but a new birth certificate is substituted therefor. It is true that said Sub-division of said Rule also provides that the original certificate of natural birth may be retained in the file and a certificate attached thereto showing the names of the parent or parents by adoption, which can be done only upon the written request of the natural parent or parents, but this does not alter or change the original birth certificate and only adds thereto the change made by adoption.

Article 781a of the Penal Code of Texas provides that "any person who shall willfully alter, otherwise than is provided by Section 18 of this Act, or shall falsify any certificate of birth or death, or any record established by this Act; . . ..shall be deemed guilty of a misdemeanor," etc. Section 18 of the Act mentioned in said Article of the Penal Code is Rule 51a above referred to, but the amendment of a birth certificate there authorized is not in conflict with the provisions of Sub-division 26 of Rule 47a, for the reason that, by adoption, the parents of a child are changed and a new birth record is made. The original certificate is not changed or altered in any way as such but becomes a separate record which must be placed in a sealed package and cannot be opened except by an order of the court. But, in the event the new record is set aside by proper proceedings, the original record can be restored. It is our opinion that this would not be altering or making a false certificate of birth in violation of the above-quoted provision of Article 781a of the Penal Code.

In our opinion, when the State Registrar receives an adoption decree, he should file a certificate of the birth in the new name or names of the adopting parent or parents in which there is no statement of the adoption, as required in Sub-division 26 of Rule 47a, but he should not permit an amendment to be attached under said condition to the original certificate, as provided for in Rule 51a.

Trusting that this satisfactorily answers your inquiry, we remain

APPROVED JUN 14, 1945
(signed) Carlos C. Ashley
FIRST ASSISTANT, ATTORNEY GENERAL

JWB:fb/JCP

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (signed)
Jas. W. Bassett
Assistant

APPROVED: Opinion Committee
By B. W. B., Chairman.